## Jones v. Integrity Trust Company et al., Trustees.

*Corporations — Dividends — Extraordinary dividends — Life-tenant and remainderman—Income and principal.*

1. Where extraordinary dividends, whether of cash, script or stock, are declared or paid on shares of stock held in trust, they are distributed by giving to the *corpus* sufficient to keep intact the value of the shares as they were at the time the trust began, and by giving the rest of the dividend to those entitled to the income.

2. If the trustee subsequently acquires other shares of stock, the trust begins as to them at the date of their acquisition.

3. Dividends on such shares, if declared out of profits, are distributed by allotting to the *corpus* so much of them as is necessary to make good any reduction in actual value from that at the time the trust was created, and giving the balance to those entitled to the income.

Case stated. C. P. No. 5, Phila. Co., June T., 1927, No. 4764.

D. Beeber, for plaintiff; J. S. Adams, for defendants.

MARTIN, P. J., Sept. 8, 1927.—Elisabeth M. Jones, the plaintiff, on Oct. 30, 1913, executed a deed of trust to defendant transferring certain specified securities in trust, to pay the net income to her during life, with remainder over.

The trustee was authorized to sell securities and reinvest the proceeds.

On March 24, 1923, the trustee purchased, out of funds of the estate, nineteen shares of the common stock of the United Gas Improvement Company.

In the early part of each year the gas company prepares statements of assets and liabilities as of the preceding Dec. 31st, when its fiscal year ends. According to the statement of Dec. 31, 1922, the book value of the nineteen shares of stock purchased by the trustees was $78.27 per share, making the total value of the nineteen shares $1487.13.

Between June 20 and Dec. 30, 1924, the trustee purchased with funds of the trust estate 231 shares of the common stock of the United Gas Improvement Company.

The statement of assets and liabilities of Dec. 31, 1923, the last statement preceding the purchase, showed the book value of the shares purchased by the trustee to be $80.19, making the total book value of the 231 shares $18,523.89.

Between June 3 and July 10, 1925, the trustee purchased 151 shares of the common stock of the United Gas Improvement Company. The statement published Dec. 31, 1924, showed the book value to be $82.98 per share, making the total value of the 151 shares $12,529.98.

The value of all the stock purchased during the three years, amounting to 401 shares, was $32,541.

In 1925 the United Gas Improvement Company gave its stockholders a right to subscribe to additional common stock at $50 and accrued dividends to the extent of 10 per cent. of their registered holdings at the close of business June 12, 1925. 134,266 shares were issued to and paid for by subscribers.

During 1925 the American Gas Company, a New Jersey corporation, with stock of the par value of $100, was merged with the United Gas Improvement Company. A Pennsylvania corporation, named American Gas Company of Pennsylvania, was organized. The par value of the stock was $50. The stock of this new corporation was exchanged at the rate of two shares for one of the stock of the American Gas Company of New Jersey. After this exchange, stockholders of the American Gas Company of Pennsylvania exchanged their stock at $50 par, share for share, for stock of the United Gas Improvement Company.

The result of this merger increased the common stock of the United Gas Improvement Company 274,360 shares, which resulted in reducing the book value of the stock as of Dec. 31, 1925, from $82.98 to $74.82, a difference of $8.16 per share.

On Sept. 23, 1926, the United Gas Improvement Company issued a stock dividend of 25 per cent., declared out of undivided profits of the company, and authorized the proper officers to issue, as of Nov. 15, 1926, the stock of the company, to be divided among the stockholders in proportion to their holdings at the close of business on Oct. 15, 1926. 406,472 shares were issued, increasing the stock of the United Gas Improvement Company from 1,629,222 outstanding at the end of December, 1925, to 2,035,694 as of Dec. 31, 1926. At the end of the year 1926 the book value of the stock was reduced from $74.82 to $61.25, a reduction of $13.50 per share.

As a result of the stock dividend, defendant, as trustee, received 100 shares of common stock of the United Gas Improvement Company.

Plaintiff, who is the life-tenant, claims that at least eighty shares of this stock should be awarded to her as income.

Defendant claims that all of the stock belongs to principal.

It is stipulated in the case stated that if the court should be of opinion that eighty shares, or any other number of shares of the stock dividend of 25 per cent., belong to plaintiff, judgment is to entered in favor of plaintiff

and against defendant in a sum equal to the number of shares decided by the court as belonging to the income of the estate, multiplied by $106, which was the market price of the stock per share on the day this suit was brought— said judgment to be satisfied on delivery of the number of shares decided by the court to be income of the estate.

If the court should be of the opinion that all of the shares, or any part thereof, belong to the principal of the trust estate, then judgment is to be entered in favor of the Integrity Trust Company, defendant, for the number of shares of the stock dividend decided by the court to be principal of the estate.

The principle applicable to extraordinary dividends received by a trustee is stated in Dickinson's Estate, 285 Pa. 449, 450: "Where extraordinary dividends, whether of cash, script or stock, are declared or paid on shares left in trust, they are distributed by giving to the *corpus* sufficient to keep intact the value of the shares as they were at the time the trust began, and by giving the rest of the dividends to those entitled to the income."

The United Gas Improvement Company stock was not part of the estate transferred to the trustee by the settlor, but the trust began as to these shares of stock when they were purchased by the trustee. In Flaccus's Estate, 283 Pa. 185, it was held: "Extraordinary stock dividends, declared and paid on stock, . . . whether they be of cash, script or stock, if they exceed the profits earned after the beginning of the trust, must be apportioned by giving to the *corpus* sufficient to keep intact the value of the shares as they were at the time the trust began, and by giving the rest of the dividend to those entitled to the income of the estate." Such dividends, if declared out of profits, are distributed by allotting to the *corpus* so much of them as is necessary to make good any reduction in actual value from that at the time the trust was created and giving the balance to those entitled to the income.

The trust was created as to the United Gas Improvement Company stock when the trustee purchased it and made it part of the estate.

In Willcox's Estate, 66 Pa. Superior Ct. 182, it was said: "The only evidence as to the value of this stock was as to the book value, and that was arrived at by an approximation of the assets of the company, deducting from the aggregate thereof the liabilities of the corporation; we have no suggestion from either side that this book value did not represent the actual value of the stock, the liquidating value."

The value adopted in the instant case is ascertained from the statements of the United Gas Improvement Company prepared at the expiration of the fiscal year nearest to the time the stock was purchased for the estate.

Nineteen shares of stock were purchased up to March 24, 1923, at $78.27 a share, making the total value $1487.13. In 1924, between June and December, the trustee purchased 231 shares at $80.19 per share, amounting to $18,523.89. In 1925, between June 3rd and July 10th, the trustee purchased 151 shares at $82.98, amounting to $12,529.98. The total purchase value of these 401 shares is $32,541.

At the end of the year 1926 the book value of the stock of the United Gas Improvement Company, by reason of the issues of new stock, was reduced to $61.25.

The nineteen shares of stock purchased at $78.27 per share, worth $1487.13, were depreciated at the time of filing of the case stated to $61.25 per share. $323.38 will be required to restore the value to the *corpus* of the estate. The 231 shares at $80.19 makes the value of those shares $18,523.89, and at $61.25 the value is reduced to $14,148.75, requiring $4375.14 to restore the value. The

Jones v. Integrity Trust Co. et al., Trustees.

value of the 151 shares at the price of $82.98 was $12,529.98, at $61.25, it is $9248.75. The amount required to restore the value is $3281.23.

After the decrease in value of the stock held by the trust fund, by reason of the issuing of stock dividends, the value of the entire holding was reduced $7979.75.

The 100 shares of stock dividend received by the trustee were of the value, at the price of $61.25, of $6125. This sum is insufficient to restore to the *corpus* of the estate the depreciation in value by reason of the decrease caused by the issue of new stock. The entire amount of this issue would be applied by the trustee to the *corpus* of the estate if the stock was taken at the value of $61.25, but the market value of the stock on the date this suit was instituted was $106, and that is the figure agreed upon as the value of the stock by the parties to the case stated. At $106 the value of 100 shares of stock is $10,600.

By the payment of $7979.75 to the *corpus* of the estate, the value of the stock purchased by the trustee will be restored.

Of the 100 shares of stock issued by the United Gas Improvement Company as an unusual dividend, there should be awarded to the *corpus* of the estate 79.7972 shares; and the balance of the issue, 20.2025 shares, should be awarded to the life-tenant.

And now, to wit, Sept. 8, 1927, the court being of opinion that 20.2025 shares of the stock dividend of 25 per cent. belong to the plaintiff, judgment is entered in favor of plaintiff and against the defendant in the sum of $2147.47, which is the value of the shares that belong to the income of the estate at the price of $106, the market price of the stock on the day this suit was instituted—said judgment to be satisfied on delivery to plaintiff of the 20.2025 shares.